IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JENNY R. CHAMPLIN                                                                  PLAINTIFF

v.                                              CIVIL NO. 14-5307

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jenny R. Champlin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on June 13, 2011, alleging an inability to work since May 7, 2011, due to spinal stenosis and bulging discs, severe decreased range of motion of the lower extremities, nerve damage, kidney damage, and chronic fatigue. (Tr. 119, 126, 172).  An administrative video hearing was held on January 29, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 29-59).

By written decision dated July 8, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: herniated lumbar disc, avascular necrosis of the bilateral hips, status post bilateral total hip replacements with infection, and morbid obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally climb, balance, crawl, kneel, stoop, and crouch.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small production machine operator, a small product assembler, and a small product inspector. (Tr. 21-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 31, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 11). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 18, 19).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

2

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from

doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC.  See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined Plaintiff maintained the RFC to perform sedentary work with limitations. While the Court finds substantial evidence to support the ALJ's determination regarding Plaintiff's mental impairments and her mental RFC, after reviewing the entire record the Court cannot say the same about Plaintiff's alleged physical

4

impairments. In making the RFC determination, the ALJ gave great weight to the opinion of Dr. Jonathan Norcross, a non-examining medical consultant, who in April of 2012, opined Plaintiff could perform sedentary work that required only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. 779-786). The Court would note that the ALJ failed to address a statement in Dr. Norcross' opinion that appears to indicate Plaintiff would be able to perform sedentary work as of February 7, 2013. (Tr. 786). A review of the medical evidence further reveals that Plaintiff underwent surgical procedures on her hips after April of 2012, and in April of 2013, Plaintiff was instructed to use a walker (Tr. 1113). While the Court realizes this restriction was indicated after a surgical procedure, other medical evidence reveals that Plaintiff used a single point cane to ambulate. (Tr. 1096, 1101). Plaintiff also testified at the administrative hearing that she used a cane or walker to ambulate. (Tr. 40). After reviewing the record, the Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's hip impairments.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review all of Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. This opinion should also address whether Plaintiff needs an assistive device to ambulate. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

## IV. Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of December, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

.