IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JENNY R. CHAMPLIN                                              PLAINTIFF

v.                                   NO. 14-5307

CAROLYN W. COLVIN, Commissioner
Social Security Administration                               DEFENDANT

**O R D E R**

Plaintiff, Jenny R. Champlin, appealed the Commissioner's denial of benefits to this Court. On December 21, 2015, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 21). Plaintiff now moves for an award of $7,787.29 in attorney's fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 39.40 attorney hours of work before the Court at an hourly rate of $186.00 for work performed in 2014, $187.00 per hour for work performed in 2015, $188.00 per hour for work performed in 2016, and $423.64 in expenses. (Docs. 22-23). Defendant filed a response to Plaintiff's application, objecting to certain hours claimed. (Doc. 24).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the

1

case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 7.65 hours of attorney work performed in 2014, at an hourly rate of $186.00; 28.25 hours of attorney work performed in 2015, at an hourly rate of $187.00; and 3.50 hours of attorney work performed in 2016, at an hourly rate of $188.00.  The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  <u>Hensley,</u> 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

Pursuant to General Order 39,[1] which references the Consumer Price Index (CPI) – South, the Court finds that an enhanced hourly rate based on a cost of living increase is appropriate, and counsel will be compensated at $186 per hour in 2014, $187 per hour in 2015, and $188.00 per hour in 2016.

The Court next addresses the number of hours Plaintiff's counsel claims she spent working on this case.

**<u>Administrative Time:</u>**

Defendant makes a generalized argument that 4.20 hours of the following 5.20 hours submitted by Plaintiff's counsel should be deducted as it was work performed at the administrative level:

---

[1] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:

2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25/hour- 186.00.

2015 - 228.451 x 125 divided by 152.4 (March 1996 CPI-South) = $187.38/hour - $187.00.

2016 - 229.581 x 125 divided by 152.4 (March 1996 CPI-South) = $188.30/hour - $188.00.

8/6/2014     ORDER/OPINIONS. Receipt and review of 7/31/2014 Appeals Council denial; ALJ Starr decision; review of hearing notes and formulation of initial recommendations…1.0,

08/07/2014     CORRESPONDENCE. Correspondence to client explaining appeal rights and summary of LJM review…0.50,

08/30/2014     ROF. Full review of file in preparation of federal appeal, review of anticipated federal appeal points from the hearing notes and comparison to actual Unfavorable Decision regarding anticipated errors. Notes were that this was a "massively clear cut case" and could not understand why ALJ did not inform the claimant at hearing that won in light of avascular necrosis, bilateral, s/p THA combined with obesity. New notes in comparison: ALJ omitted severe nerve damage in bilateral lower extremities, CFS, depression, and spinal stenosis; all alleged in PHM but not in UFD. No discussion of specific listings by number. MSCE diagnosis MDD, moderate, basic cognitive tasks; RFC errors; review of VE Spragins numbers and DOT job titles. Contact with client to confirm permission to appeal but unable to reach; LJM drafted complaint in anticipation of authority to file. LJM discussion of case with paralegal…1.50,

09/05/2014     CLIENT CALL. Discussion with client regarding IFP requirements and potential qualification. I spoke w/CL re: IFP - CL husband works 36 hours at $8 an hr and CL has since gotten a full time job 40 hrs a wk @$13.00 an hr therefore would not qualify for IFP and can't afford $400.00 for filing and doesn't want to appeal as thinks case has gone on to(sic) long…0.50,

09/17/2014     CLIENT CALL E-MAIL. Third and fourth client phone calls regarding federal appeal, fees, and IFP eligibility…0.30,

09/20/2014     CLIENT CALL E-MAIL. Numerous client phone calls and e-mails regarding work conditions, IFP qualifications, and forms completion. Confirmation that client is indeed eligible for IFP and set up live appointment time to meet with me on 09/22…0.50,

09/24/2014     CLIENT CALL. Multiple client calls in response to no show for IFP completion live with me on 22nd. Followup emails…0.25,

10/02/2014     CLIENT CALL. CLIENT EMAIL. Four phone calls and two emails attempting completion of IFP…0.15,

10/8/2014     CLIENT CALL E-MAIL. Client phone call regarding client's work issues and related paperwork. Non-appeal related directly…0.00,

4

> 10/14/2014   CORRESPONDENCE. Client correspondence regarding mental health care, specialists, meds, and required evidence…0.00,
>
> 10/14/2014   CORRESPONDENCE. Client correspondence regarding the federal appeal; status update; confirmation that complaint filed and timeframes…0.50.

The Court disagrees, and finds the above hours involve a review of the record and discussion with Plaintiff as to the merits of the federal appeal brought in this Court. Accordingly, the Court will allow the 5.20 hours of attorney time requested.

**Clerical/Excessive Time in 2014:**

Defendant appears to make a generalized argument that the following hours should be reduced by 2.20 hours as the work performed is clerical in nature or excessive:

> 10/27/2014   E-Mail. LJM receipt and review of ECFs regarding filing of complaint after my return from vacation; IFP; and direct assignment to magistrate judge; correspondence to client; order regarding form 239…0.25,
>
> 10/30/2014   CLIENT OFFICE. Client office visit regarding completion of long-form IFP. Memo to electronic file…0.50,
>
> 11/5/2014   ORDER/OPINIONS. Receipt and review of ECFs. Review and review of Order from Court from court regarding IFP long form questions. Consultation with paralegal and client…0.50,
>
> 11/5/2014   ORDER/OPINIONS. Plaintiff's motion for extension fo (sic) time to file administrative form 239. Receipt and review of Order granting motion. Memo to electronic file…0.25,
>
> 11/11/2014   CLIENT OFFICE. Client office visit regarding IFP long form…0.25,
>
> 12/16/2014   MEMO. Receipt and review of Order regarding IFP. Phone call with client that can't come by as father is having open heart surgery and instructions to drop appeal and refile. Explanation that this is not allowed under the law…0.25,
>
> 12/17/2014   ADJ or ATTY. Phone call to Court regarding request to withdraw due to personal family issues. Message left on Charlotte's voice mail. Email confirmation from client of withdrawal…0.20,

5

> 12/18/2014   PLEADINGS. Prepare and file Motion to Withdraw Petition for IFP. Prepared and signed check #44983 in amount of $400 for filing fee and instructions to paralegal for transmission to clerk of the court…0.25.

While the Court does not find the work to be clerical in nature, the Court does find the time submitted to be excessive. Plaintiff's counsel frequently handles social security matters before this Court, and should know what the Court requires when filing a petition to proceed *in forma pauperis*.

In this case, the Court entered four orders regarding the request to proceed *in forma pauperis* because the documents, completed in the presence of Plaintiff's counsel as she has billed attorney time, did not appear complete or included inaccurate or unclear information. While the extent of Plaintiff's employment was not clearly understood when the Court had the petition to proceed *in forma pauperis* before it, the itemization of time set forth by Plaintiff's counsel now indicates that Plaintiff was working a full-time job around one month prior to filing her appeal in this case, and her husband was also working. As Plaintiff withdrew the petition to proceed *in forma pauperis* and paid the filing fee, the Court had no reason to seek further inquiry at that point. Plaintiff's counsel was granted time on September 5, 2014, September 17, 2014, September 20, 2014, September 24, 2014, and October 2, 2014, for explaining and discussing the possibility of filing a petition for *in forma pauperis*, therefore, the Court agrees with Defendant that the time submitted above is excessive. Accordingly, the Court will deduct 2.45 hours of compensable time sought.

**Clerical/Excessive Time in 2015:**

Defendant appears to make a generalized argument that the following hours should be reduced as the work performed is clerical in nature or excessive:

> 01/08/2015   SERV. of PROCESS. LJM reviewed and signed paralegal SOPs; file review; brief memo to file…0.10,

6

> 1/28/2015    SERVICE OF PROCESS. Received green card 7014 0150 0001 6982 0222 from U.S. Attorney. Memo to staff regarding affidavit of service…0.05,
>
> 2/4/2015    SERVICE OF PROCESS. Received green card 7014 0510 0001 6982 0024 from Holder. Memo to staff regarding affidavit of service. Received green card 7014 0150 0000 7080 1206 from Colvin. Memo to staff regarding affidavit of service…0.10,
>
> 11/06/2015    EMAIL/CLIENT EMAIL/OPINION. LJM review of file after midnight and receipt of ECF Judgment/Order Reversing the Decision of the Commissioner and Remanding this Case to the Commissioner for Further consideration Pursuant to Sentence Four. Immediate midnight email to client in congratulations stating I'm getting ready for tomorrow's mediation in Little Rock but will brief her on the remand further tomorrow night or this weekend. Memo to electronic folder…1.00,
>
> 12/26/2015    MEMO. Weekend. Return to remand decision and completion of review and correspondence to client; memo regarding remand homework…0.75.

The Court finds that the time submitted on December 26, 2015, is compensable attorney time, as it pertains to reading an Order from the Court, and memorializing that decision in a letter to Plaintiff.

As to the time claimed for the other tasks, clerical or secretarial tasks are not compensable under the EAJA. See Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). "[P]urely clerical or secretarial tasks should not be billed at [even] a paralegal rate regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 2471 n. 10 (1989). There is a plethora of district court cases reaching different conclusions as to whether tasks such as those detailed above are compensable or are considered purely clerical. See e.g., Peters v. Colvin, No. 15-CV-5198-JRC, 2016 WL 948958 at *5 (W.D. Wash. Mar. 14, 2016); Zabawa v. Colvin, 3:14-CV-3068-

7

MEF, 2016 WL 164625 at *1 (W.D. Ark. Jan. 13, 2016); Sheridan v. Colvin, No. JKB-15-10, 2015 WL 5897735 at *2 (D. Md. Oct. 5, 2015); Talmo v. Colvin, No. ELH-14-2214, 2015 WL 5897707 at *2 (D. Md. Oct. 5, 2015); Treadway v. Comm'r. of Social Security, No. 1-13-cv-01248-SAB, 2014 WL 6901869 at *5-6 (E.D. Cal. Dec. 5, 2014); Echtinaw v. Astrue, No. C09-0024-RSL, 2009 WL 6040072 at *4 (W.D. Wash. Dec. 9, 2009); Knudsen v. Barnhart, 360 F.Supp.2d 963, 977 (N.D. Iowa 2004).

However, a review of the various decisions of the Circuit Courts of Appeals indicates that all that have addressed the issue, except the First Circuit, hold that tasks such as the filing of documents and preparing and serving summons are considered clerical and not compensable.  See Neil v. Comm'r. of Social Security, 495 Fed. Appx. 845, 847 (9th Cir. 2012); Role Models America, Inc. v. Brownlee, 353 F.3d 962, 973(D.C. Cir. 2004); Coleman v. Houston Independent School District, No. 98-20692, 1999 WL 1131554 at *9 (5th Cir. Nov. 8, 1999).  The Eighth Circuit does not appear to have addressed the issue.  The First Circuit, in Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992), held that tasks such as the filing of documents "ought not to be billed at lawyers' rates, even if a lawyer performs them."  The Court held that the hours should not be completely eliminated, however, as the tasks "fell into the gray area between purely clerical tasks and those properly entrusted to a paralegal."  Id. The Court concluded that, while the hours should not be compensated at the extravagant attorney-fee rate, which was incommensurate to the nature of the tasks, the hours could be compensated at the prevailing paralegal rate.

The undersigned finds the First Circuit's approach persuasive and a reasonable compromise when it is not clear whether tasks such as those at issue in this case should be classified as purely clerical.  Accordingly, Plaintiff's attorney will be compensated for these

other tasks at the prevailing hourly paralegal market rate, which, based on the paralegal rates submitted by other attorneys in this area, is $75.00.

**EAJA Time:**

Defendant appears to argue that the following hours should be reduced as the time requested is excessive:

> 2/18/2016   PLEADINGS. Begin preparation of EAJA petition, specifically the itemization of time. Started when got to office but got here late at around 830AM or later and entered casenote on what got completed at 10:11AM before beginning appointments. Will have to return to remainder of EAJA later…1.50,
>
> 03/14/2016   PLEADINGS. LJM did EAJA motion then EAJA brief, then major revisions to the itemization that began last month. Lot of notes to review and brief writing notes. Time was 3.50 hours actual. There was additional significant time spent trying to get the math down, and kept trying to get the hours reduced and trim down, then efile. Final federal review. Initial notes began at 06:48 PM and still working on it prior to final math computations at 8:47 PM…2.00.

The Court finds that the time submitted on February 18, 2016, and March 14, 2016, is not excessive.

Finally, Plaintiff's counsel seeks reimbursement for $423.64 in expenses incurred with regard to postage and the filing fee. Such expenses are recoverable under the EAJA and the Court finds $423.64 to be a reasonable award. See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

**Conclusion:**

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 5.20 attorney hours for work performed in 2014, at hourly rate of $186.00, 27.00 attorney hours for work performed in 2015, at an hourly rate of $187, 3.50

9

attorney hours for work performed in 2016, at an hourly rate of $188, and 1.25 paralegal hours at an hourly rate of $75.00, for a total attorney's fee of $6,767.95; and $423.64 in expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Based upon the holding in <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

   IT IS SO ORDERED AND ADJUDGED this 17th day of May, 2016.


                   /s/ *Erin L. Setser*
                   HON. ERIN L. SETSER
                   UNITED STATES MAGISTRATE JUDGE